UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INFORMATION** |
| v. | 24 Cr. 31 (PMH) |
| OUSMAN JOBE, | |
| Defendant. | |

## COUNT ONE
### (Wire Fraud Conspiracy)

The United States Attorney charges:

1.      From at least in or about March 2020, through at least in or about July 2020, in the

Southern District of New York and elsewhere, OUSMAN JOBE, the defendant, and others known

and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together

and with each other to commit wire fraud, in violation of Title 18, United States Code, Section

1343.

2.      It was a part and object of the conspiracy that OUSMAN JOBE, the defendant, and

others known and unknown, willfully and knowingly, having devised and intending to devise a

scheme and artifice to defraud and for obtaining money and property by means of false and

fraudulent pretenses, representations, and promises, would and did transmit and cause to be

transmitted by means of wire, radio, and television communication in interstate and foreign

commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme

and artifice, in violation of Title 18, United States Code, Section 1343, to wit, JOBE and others

known and unknown agreed to obtain funds from the U.S. Small Business Administration ("SBA")

through the SBA's Economic Injury Disaster Loan ("EIDL") Program, by means of false and

fraudulent pretenses, representations, and documents, including through electronic communications transmitted into and out of the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The United States Attorney further charges:

3.       From at least in or about March 2020, through at least in or about July 2020, in the Southern District of New York and elsewhere, OUSMAN JOBE, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, JOBE obtained and aided and abetted others in obtaining funds from the SBA through the SBA's EIDL Program by means of false and fraudulent pretenses, representations, and documents, including through electronic communications transmitted into and out of the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2(a).)

## COUNT THREE
### (Aggravated Identity Theft)

The United States Attorney further charges:

4.       From at least in or about March 2020, through at least in or about July 2020, in the Southern District of New York and elsewhere, OUSMAN JOBE, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section

2

1028A(c), to wit, JOBE possessed and used, and aided and abetted others in possessing and using, the names and identities of applicants in connection with the submission of fraudulent EIDL applications to the SBA during and in relation to the conspiracy and wire fraud, charged in Counts One and Two of this Information.

(Title 18, United States Code, Sections 1028A(a)(1), and 2(a).)

## FORFEITURE ALLEGATION

5.     As a result of committing the offenses alleged in Counts One and Two of this Information, OUSMAN JOBE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

6.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


DAMIAN WILLIAMS
United States Attorney